**Reversed and Remanded and Opinion filed June 2, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00028-CV

## LANE-VALENTE INDUSTRIES (NAT'L), INC, Appellant

### V.

## J.P. MORGAN CHASE, N.A. AND BOVIS LEND LEASE, INC., Appellees

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2012-36514**

## O P I N I O N

Appellant Lane-Valente Industries (Nat'l), Inc. filed breach-of-contract and declaratory judgment claims against appellees Bovis Lend Lease, Inc. and J.P. Morgan Chase, N.A., seeking to enforce a settlement agreement under Texas Rule of Civil Procedure 11. Both sides moved for summary judgment. The trial court granted appellees' motion and ordered the parties to execute releases with language different from that contained in the Rule 11 agreement. In its first issue, Lane-Valente argues it is entitled to summary judgment. In its second issue, Lane-

Valente contends the court erred in granting appellees' motion for summary judgment. Because we conclude the Rule 11 agreement is ambiguous, we hold the trial court erred in granting appellees' motion for summary judgment but properly denied Lane-Valente's motion for summary judgment. We also hold that Lane-Valente's appeal is not frivolous and deny appellees' request for sanctions under Rule 45 of the Texas Rules of Appellate Procedure. We reverse the judgment and remand the case for further proceedings.

## BACKGROUND

Lane-Valente agreed to provide services and materials to Bovis Lend Lease, Inc. ("Lend Lease") in connection with the renovation of several banking facilities owned by J.P. Morgan Chase, N.A. ("Chase"). Although the price paid under the agreement was supposed to include all taxes, Lane-Valente failed to pay sales taxes owing to the Comptroller of Public Accounts of the State of Texas. Lend Lease thus paid the Comptroller the amount due, which totaled $186,480.73, and filed suit against Lane-Valente.[1] Lane-Valente brought Chase into the lawsuit as a third-party defendant.

The parties attended mediation and entered into a Rule 11 agreement. The agreement provided that the parties would execute "full mutual releases in favor of each other, including an agreement that this settles and resolves all claims/issues by and between [the parties] that were raised or that could have been raised/brought out of the incident(s) made the basis of this suit." The parties were subsequently unable to agree on the language to be included in the releases, however. Lane-Valente filed a motion to enforce the Rule 11 agreement, but the trial court denied the motion. Instead, the court signed an order directing Lane-Valente, Lend Lease, and Chase to execute releases with language different from

---

[1] That case is Cause No. 2010-62701.

2

that contained in the Rule 11 agreement: "This settles and resolves all claims/issues . . . that were raised or that could have been raised/brought out of the incident(s) made the basis of this lawsuit." Lane-Valente filed a motion to rescind and replace the order and for sanctions, arguing that the agreement required general, mutual releases of all claims between the parties, even those that do not arise out of the incident made the basis of the lawsuit. At a hearing on the motion, the trial court stated that it used different language because the language contained in the Rule 11 agreement was "too broad." The court said: "I tried to make [the release] less broad. That's what I was trying to do." The trial court signed an order denying the motion to rescind.

Lane-Valente then filed this lawsuit, asserting breach-of-contract and declaratory judgment claims against Lend Lease and Chase. Lane-Valente sought to have the court determine its rights, status, and legal obligations under the Rule 11 agreement and to obtain a ruling that the terms of the Rule 11 agreement were enforceable.[2] Lane-Valente also sought dismissal of the original suit among Lane-Valente, Lend Lease, and Chase. Lend Lease and Chase (collectively "appellees") filed an answer. Lane-Valente filed a motion for final summary judgment, and appellees filed a cross-motion for summary judgment. The trial court granted appellees' motion and denied Lane-Valente's motion. The court determined that appellees had proven as a matter of law that Lane-Valente breached the Rule 11 agreement, and it ordered the parties to execute a formal settlement agreement that

---

[2] Lane-Valente filed a notice of appeal in the original suit and a petition for writ of mandamus. The First Court of Appeals dismissed the appeal for lack of jurisdiction and denied the mandamus petition without explaining its basis for doing so. *See Lane-Valente Indus. (Nat'l) Inc. v. Lend Lease (US) Constr., Inc.*, No. 01-12-00706-CV, 2013 WL 593701 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, no pet.); *In re Lane-Valente Indus. (Nat'l) Inc.*, No. 01-12-00685-CV, 2012 WL 5192700 (Tex. App.—Houston [1st Dist.] Oct. 18, 2012, orig. proceeding). No party has argued that the trial court's decisions in the original suit have any preclusive effect on the issues before us in this appeal.

mirrored the more narrow language contained in its previous order. The trial court further dismissed the original suit with prejudice and awarded appellees their costs and reasonable attorney's fees. This appeal followed.

ANALYSIS

In its first issue, Lane-Valente argues it is entitled to summary judgment. In its second issue, Lane-Valente asserts the trial court erred in granting appellees' motion for summary judgment. Because these issues are related, we address them together.

## I.      Standard of review and applicable law

We review a trial court's grant of summary judgment de novo. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). A motion for summary judgment is properly granted if the movant establishes that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Gastar Exploration Ltd. v. U.S. Specialty Ins. Co.*, 412 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex. 1990). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

Rule 11 of the Texas Rules of Civil Procedure states that, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. Once the parties enter into a valid settlement agreement under Rule 11, the trial court may render an agreed judgment based on the settlement agreement. *Juarez v. Laredo Inv. Properties, Inc.*, 04-10-00821-CV, 2011 WL 4377999, at *3 (Tex. App.—San Antonio Sept. 21, 2011, no pet.) (citing *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex. 1995)). But, when a party withdraws its consent to the agreement before judgment is rendered, as occurred here, the trial court may not render an agreed judgment on the settlement agreement. *Padilla*, 907 S.W.2d at 461. Rather, the court must enforce the settlement agreement as a written contract, but only after the party seeking enforcement pursues a breach-of-contract claim, following the normal rules of pleading and proof. *Mantas*, 925 S.W.2d at 658. Otherwise, a party would be deprived of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury. *See Cadle Co. v. Castle*, 913 S.W.2d 627, 632 (Tex. App.—Dallas 1995, writ denied).

The enforcement of a written settlement agreement is governed by principles of contract law. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (West 2011); *Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *W. Beach Marina, Ltd. v. Erdeljac*, 94 S.W.3d 248, 255–56 (Tex. App.—Austin 2002, no pet.). A release is a contract and therefore is subject to the same rules of construction. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). When construing a written contract, our first priority is to give effect to the intent

5

of the parties as expressed in the instrument. *See J.M. Davisdon, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). We consider the entire writing in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *J.M. Davisdon, Inc.*, 128 S.W.3d at 229. Neither will any single provision control our interpretation. *Id.* Instead, all provisions will be considered in reference to the whole. *Id.*

## II. Neither party was entitled to summary judgment because the Rule 11 agreement is ambiguous.

Summary judgment is inappropriate when a contract is ambiguous. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). A court may conclude that a contract is ambiguous even though the parties did not plead ambiguity. *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993). A contract is ambiguous if it is susceptible to more than one reasonable interpretation. *See Nat'l Union Fire*, 907 S.W.2d at 520. A contract is unambiguous if it can be given one certain or definite legal interpretation. *Coker*, 650 S.W.2d at 393. The existence of ambiguity is a matter of law for the court to decide by examining the agreement as a whole in light of the circumstances present when the contract was entered. *Id.* at 394. Thus, the parties' disagreement about a contract's meaning does not necessarily show that it is ambiguous. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000).

The parties dispute the scope of the releases they agreed to execute. The Rule 11 agreement provides: "All parties will execute a full mutual releases [sic] in favor of each other, including an agreement that this settles and resolves all claims/issues by and between [Lend Lease, Lane-Valente, and Chase] that were raised or that could have been raised/brought out of the incident(s) made basis of

6

this suit." The trial court explicitly narrowed this language. In granting summary judgment for appellees, the trial court ordered the parties to execute a formal settlement agreement containing only the following language: "This settles and resolves all claims/issues by (name of party) against (name of party) that were raised or that could have been raised/brought out of the incident(s) made basis of this lawsuit."

Lane-Valente argues that the trial court's order is erroneous because it materially alters the Rule 11 agreement by omitting any reference to "full mutual releases" and disregarding the parties' use of the word "including" to introduce the release language ordered by the court. In Lane-Valente's view, the scope of the agreed-upon releases is broader than those ordered by the court, and the agreement's language indicates that other claims—not solely those that could have been raised or made the basis of the initial suit—were intended to be included in the "full mutual releases." Appellees counter that the parties intended to release solely the claims made the basis of the original suit. They note the only claim in the original suit was Lend Lease's claim to recover the sum of $186,480.73 in unpaid sales tax from Lane-Valente.

The agreement in this case requires the parties to execute "full mutual releases in favor of each other." But, in the agreement, the parties did not specify which claims would be the subject of this "full release." The parties did not expressly agree to execute "general releases of all claims" or "full releases of all claims among the parties." In the absence of further explanation, the scope of "full mutual releases in favor of each other" is not clear. Does this phrase encompass all claims of any kind whatsoever among the parties, regardless of whether they relate to this suit or could have been brought in this suit? Does it encompass only claims of among the parties that were raised in this suit or that could have been raised

based on the incident made the basis of this suit? Or does it have some other scope?

This uncertainty is not dispelled by the clause that follows, in which the parties agree that the releases "includ[e] an agreement that this settles and resolves all claims/issues . . . that were raised or that could have been raised/brought out of the incident(s) made the basis of this suit." This language reasonably could be construed to mean that the releases themselves would include but not be limited to a release of these claims, and thus that the scope of the release would be broader than these claims. Even under this construction, the contract language does not address which claims beyond this scope would be included. On the other hand, this language reasonably could be construed as limiting the scope of the release to "all claims/issues . . . that were raised or that could have been raised/brought out of the incident(s) made the basis of this suit."

The meaning of the Rule 11 Agreement is reasonably susceptible to more than one interpretation. *See Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574–75 (Tex. 1996) (holding contract provision to be ambiguous); *Coker*, 650 S.W.2d 393–94 (holding that contract language was ambiguous); *Gibson v. Bentley,* 605 S.W.2d 337, 338–39 (Tex. Civ. App.— Houston [14th Dist.] 1980, writ ref'd n.r.e.) (holding that language of settlement agreement was reasonably susceptible of two interpretations and was ambiguous). Therefore, we overrule Lane-Valente's first issue and hold the trial court properly denied its motion for summary judgment, and we sustain Lane-Valente's second issue and hold the trial court erred in granting appellees' cross-motion for summary judgment. *See Coker,* 650 S.W.2d at 394–95.

**III.** **Appellees have not established that they are entitled to an award of just damages as sanctions.**

Finally, we address appellees' argument that they are entitled to damages because Lane-Valente filed a frivolous appeal. Under Texas Rule of Appellate Procedure 45, a court of appeals may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award "just damages" as a sanction if it determines that an appeal is frivolous. Tex. R. App. P. 45; *Glassman v. Goodfriend*, 347 S.W.3d 772, 781–82 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).

When deciding whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had a reasonable basis to believe the case could be reversed on appeal. *Glassman*, 347 S.W.3d at 782. In addition, Rule 45 does not require that a court award sanctions after every frivolous appeal; rather, the imposition of sanctions is a discretionary decision exercised with prudence and caution and only after careful deliberation. *Id.*

Although we overruled Lane-Valente's first issue, we sustained its second issue. *See Keever v. Finlan*, 988 S.W.2d 300, 315 (Tex. App.—Dallas 1999, pet. dism'd) (holding that because it sustained one point of error, court could not conclude that appellant had no reasonable grounds to believe that the judgment should be reversed). Moreover, we note that in its overruled issue, Lane-Valente raised substantive issues directed at the trial court's judgment that were supported by legal authority and citations to the record. *See* Tex. R. App. P. 38.1. Therefore, we conclude that Lane-Valente's appeal is not objectively frivolous, and that just damages may not be imposed as sanctions under Rule 45. *See* Tex. R. App. P. 45; *see also Burnett v. Carnes Funeral Home, Inc.*, 14-12-01159-CV, 2014 WL 2601567, at *7 (Tex. App.—Houston [14th Dist.] June 10, 2014, no pet.).

## CONCLUSION

Having overruled Lane-Valente's first issue and sustained its second issue, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion. We deny appellees' request for sanctions.


/s/    J. Brett Busby
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.