**Affirmed and Memorandum Opinion filed July 7, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00311-CV

**H & H WRECKER, Appellant**

**V.**

**CRYSTAL KOCTAR AND BRAZORIA AUTO & RECOVERY, Appellees**

### On Appeal from the County Court at Law No. 1
### Jefferson County, Texas
### Trial Court Cause No. 124195

## MEMORANDUM OPINION

Appellant H & H Wrecker appeals from the trial court's final judgment in favor of appellees, Crystal Koctar and Brazoria Auto & Recovery. Appellant challenges the trial court's failure to grant a motion for new trial based on newly discovered evidence. Appellees assert that this is a frivolous appeal and request appellant be ordered to pay damages under Texas Rule of Appellate Procedure 45. We affirm the trial court's judgment but deny appellees' request for Rule 45 damages.

## BACKGROUND

This case arises from a dispute between H & H Wrecker, a towing and storage company that has possession of a Ford truck, and Koctar and Brazoria Auto, who have been seeking to recover the truck as lienholders.[1] In April 2013, Brazoria Auto sold the truck to Keith Brandin, with Koctar loaning money for the transaction and taking a lien on the truck. On July 1, Brandin called H & H to tow the truck from his apartment complex. At the time H & H picked up the truck, Brandin had a Buyer's Tag Receipt that expired June 30, listing him as Owner #1, no one as Owner #2, and Avery's Auto as the issuing dealer. The truck had no license plates. After taking possession of the truck, H & H ran a title search that showed the owner as "Orange County" with an address in Orange, Texas. H & H sent notice to this listed owner on July 5, but there was no response. On August 26, H & H ran another title search. This time, the results showed Brandin as the owner and Koctar as the first lienholder, with the lien dated August 1. H & H then sent notices to both Brandin and Koctar that it had possession of the truck.

After Koctar received notice from H & H that it was holding the truck, which Brandin had now defaulted on, Brazoria Auto sent two men to H & H to pick it up on Koctar's behalf. H & H told the men that they could not see the truck until the outstanding balance for towing and storage was paid. They refused to pay the balance, the visit turned into a confrontation, and the men left without the truck.

In September 2013, Koctar filed for a tow hearing[2] in the justice court, and multiple hearings were held. On October 21, 2013, the justice court issued an

---

[1] Koctar originally held the lien on the truck, but she assigned it to Brazoria Auto during this dispute.

[2] Under Chapter 2308 of the Texas Occupations Code, a party is entitled to a hearing to challenge the towing of a vehicle and the amounts charged as long as the party makes a proper

order for H & H to release the truck to Koctar and for Koctar to pay H & H $284.95. That same day, Brazoria Auto went to H & H's property to get the truck, but H & H refused to accept payment or release the truck. H & H then appealed the justice court's decision to the county court at law.

The county court held a trial on July 31, 2014. In November, before the court had issued its decision, Koctar and Brazoria Auto filed a complaint with the Texas Department of Licensing and Regulation based on the same allegations at issue in this case. On December 12, the TDLR issued a letter dismissing the complaint and stating that the evidence did not establish H & H had committed any violations. On December 16, the county court notified both parties by letter of its decision to find for Koctar and Brazoria Auto, awarding them the truck, a $1,000 penalty, and $8,750 in attorney's fees. The county court signed the judgment on December 23. On January 21, 2015, H & H filed a motion for new trial based on newly discovered evidence, specifically the December 12 letter from the TDLR. The motion was unverified and was not accompanied by an affidavit authenticating the documents attached to the motion. The motion was overruled by operation of law. H & H timely appealed.

## ANALYSIS

In a single issue, H & H contends that its motion for new trial should have been granted based on newly discovered evidence. H & H argued in its motion that it was entitled to a new trial based on the December 12, 2014 letter from the TDLR dismissing a complaint against H & H based on the same underlying

---

request for such a hearing. The hearing takes place in justice court and addresses whether probable cause existed for the removal of the vehicle and whether the towing charge imposed was statutorily authorized. Tex. Occ. Code Ann. §§ 2308.453, 2308.458 (West 2012).

allegations as this case.  On appeal, H & H claims that it conclusively established its right to a new trial.

Whether to grant or deny a motion for new trial based on newly discovered evidence is within the trial court's discretion.  *Balias v. Balias, Inc.*, 748 S.W.2d 253, 257 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  A party seeking a new trial on grounds of newly discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.  *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

We review the denial of such a motion for abuse of discretion.  *Id.*  The test for abuse of that discretion is whether the trial court acted arbitrarily or without reference to guiding legal principles.  *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).  This standard also applies when, as here, the motion for new trial is overruled by operation of law.  *See Awoniyi v. McWilliams*, 261 S.W.3d 162, 165 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Bank One v. Moody*, 830 S.W.2d 81, 81, 85 (Tex. 1992)).

When a motion for new trial raises a complaint that requires the presentation of evidence and an exercise of discretion, the movant must request a hearing, present its evidence, and obtain a ruling.  *Monk v. Westgate Homeowners' Ass'n, Inc.*, No. 14-07-00886-CV, 2009 WL 2998985, at *3 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (mem. op.); *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 n.4 (Tex. App.—Houston [14th Dist.] 1997, no writ).  Under this Court's precedent, there is no abuse of discretion when the movant fails to call its motion to the attention of the trial court through a request for hearing and instead allows it to be overruled by

operation of law. *Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *McGuire v. Comm'n for Lawyer Discipline*, No. 14-01-00920-CV, 2003 WL 359289, at *1 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (mem. op.) (citing *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ)).

A trial court has plenary power to grant a new trial within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The filing of a motion for new trial within the thirty-day period extends the trial court's plenary power over the judgment for up to seventy-five days, depending on when or whether the court acts on the motion. Tex. R. Civ. P. 329b(c); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. If the motion is not acted upon, it is overruled by operation of law on the seventy-fifth day after the signing of the final judgment, and the trial court's plenary power is extended for thirty days after the motion is overruled. Tex. R. Civ. P. 329b(c), (e).

In this case, the final judgment was signed December 23, 2014. H & H timely filed its motion for new trial on January 21, 2015, effectively extending the court's plenary power. Because the court had not yet ruled on H & H's motion, it was overruled by operation of law on March 8, 2015, the seventy-fifth day after the judgment was signed.[3] Nothing in the record indicates that H & H attempted to obtain a hearing on its motion before it was overruled by operation of law.

The only evidence of H & H bringing its motion to the trial court's attention is a Request for Oral Hearing filed on April 6, 2015, after the motion had been

---

[3] H & H filed a supplemental motion for new trial on April 6. This motion was without effect because it was filed more than thirty days after the judgment was signed and without leave of court. *See* Tex. R. Civ. P. 329b(b).

5

overruled. H & H did not obtain a hearing before the trial court's plenary power expired on April 7, 2015. Therefore, the trial court did not abuse its discretion when it allowed the motion to be overruled by operation of law. *See Monk*, 2009 WL 2998985, at *3; *McGuire*, 2003 WL 359289, at *1. We overrule appellant's sole issue.

Appellees argue that they are entitled to damages for attorney's fees because this is a frivolous appeal. Under Texas Rule of Appellate Procedure 45, a court of appeals may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award "just damages" as a sanction if it determines that an appeal is frivolous. Tex. R. App. P. 45; *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 206 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We may award just damages under Rule 45 if, after considering everything in our file, we make an objective determination that the appeal is frivolous. *Riggins v. Hill*, 461 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

When deciding whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had a reasonable basis to believe the case could be reversed on appeal. *Lane-Valente*, 468 S.W.3d at 206. Additionally, Rule 45 does not require that a court award sanctions after every frivolous appeal; rather, the imposition of sanctions is a discretionary decision exercised with prudence and caution and only after careful deliberation. *Id.*

Although H & H was not successful in its appeal, it did raise substantive issues directed at the trial court's actions that were supported by legal authority and citations to the record. *See* Tex. R. App. P. 38.1. Therefore, we conclude that

H & H's appeal is not so objectively frivolous that just damages should be imposed as sanctions under Rule 45. *See Lane-Valente*, 468 S.W.3d at 207.

**CONCLUSION**

We affirm the trial court's judgment.

/s/    J. Brett Busby
        Justice

Panel consists of Justices Christopher, McCally, and Busby.