**Motion Granted in Part and Denied in Part, Appeal Dismissed, and Memorandum Opinion filed August 23, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00017-CV

## IN THE INTEREST OF J.V.S.J. AND D.E.K.J., CHILDREN

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2012-44247**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order modifying the parent-child relationship signed September 18, 2015. Appellee filed a motion to dismiss the appeal for lack of jurisdiction and for damages under Texas Rule of Appellate Procedure 45. The motion has been on file for more than 10 days, and no response has been filed.

Appellant Barbara Ulmer timely filed a motion for new trial on October 16, 2015. The notice of appeal must be filed within 90 days after the judgment is signed when appellant has filed a timely post-judgment motion. *See* Tex. R. App.

P. 26.1(a). Therefore, the notice of appeal was due December 17, 2015. Appellant did not file her notice of appeal until January 6, 2016.

A motion for extension of time a notice of appeal is necessarily implied when an appellant, acting in good faith, files the notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Appellant's notice of appeal was not filed within the 15-day period provided by Rule 26.3. Accordingly, the appeal must be dismissed.

Under Texas Rule of Appellate Procedure 45, a court of appeals may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award "just damages" as a sanction if it determines that an appeal is frivolous. Tex. R. App. P. 45; *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 206 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We may award just damages under Rule 45 if, after considering everything in our file, we make an objective determination that the appeal is frivolous. *Riggins v. Hill*, 461 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Rule 45 does not require that a court award sanctions after every frivolous appeal; rather, the imposition of sanctions is a discretionary decision exercised with prudence and caution and only after careful deliberation. *Lane-Valente*, 468 S.W.3d at 206.

We conclude that damages under Rule 45 are not warranted in this case, and we deny appellee's motion. Accordingly, the motion to dismiss is **GRANTED**, the motion for damages is **DENIED**, and the appeal is **DISMISSED**.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.

2