**Motion Granted in Part and Denied in Part; Appeal Dismissed and Memorandum Opinion filed September 27, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00647-CV

## BLU SHIELDS CONSTRUCTION, LLC AND ARNOLD SHIELDS, Appellants

### V.

## ROSSE MARY PEAVY, Appellee

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CV-0933**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal of a temporary restraining order signed August 15, 2016, in favor of appellee. Appellee filed a motion to dismiss the appeal for lack of jurisdiction and a motion for attorney's fees under Tex. R. App. P. 45. The motion has been on file for more than 10 days, and no response has been filed.

Generally, appeals may be taken only from final judgments unless a statute or rule allows an interlocutory appeal. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191,

195 (Tex. 2001). Temporary restraining orders are not appealable. Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a); *Nikolouzos v. St. Luke's Episcopal Hosp.*, 162 S.W.3d 678, 680–81 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Therefore, the appeal must be dismissed for lack of jurisdiction.

Under Texas Rule of Appellate Procedure 45, a court of appeals may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award "just damages" as a sanction if it determines that an appeal is frivolous. Tex. R. App. P. 45; *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 206 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We may award just damages under Rule 45 if, after considering everything in our file, we make an objective determination that the appeal is frivolous. *Riggins v. Hill*, 461 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). When deciding whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had a reasonable basis to believe the case could be reversed on appeal. *Lane-Valente*, 468 S.W.3d at 206. The imposition of sanctions is a discretionary decision exercised with prudence and caution and only after careful deliberation. *Id.* Rule 45 does not require that a court award sanctions in every frivolous appeal. *Id.* Instead, "we will do so only in truly egregious circumstances." *Sintim v. Larson*, 489 S.W.3d 551, 559 (Tex. App.—Houston [14th Dist.] 2016, no pet.)

Having considered the appeal in light of these principles, we find this appeal does not present egregious circumstances and decline to award damages.

Accordingly, we **GRANT** appellee's motion to dismiss and **DENY** her motion for attorney's fees under Tex. R. App. P. 45. The appeal is **DISMISSED**.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.

2