**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00528-CV

## LIBERTY MUTUAL INSURANCE COMPANY, Appellant

### V.

## BUDDY J. TRAHAN, Appellee

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-DCV-216930**

## M E M O R A N D U M   O P I N I O N

In this appeal from a summary judgment, appellant Liberty Mutual Insurance Company challenges the trial court's order affirming a decision of the Texas Department of Insurance, Division of Workers' Compensation (TDI). In that decision, the TDI concluded that Liberty Mutual had contractually waived its right to "reimbursement and/or subrogation," under sections 417.001 and 417.002 of the Texas Labor Code, for workers' compensation benefits it had paid appellee Buddy

J. Trahan.  Liberty Mutual sought reimbursement from Trahan out of funds Trahan received to settle his claims against a third party.  Relying on a standard-form endorsement entitled "Waiver of our Right to Recover From Others," the TDI ruled Liberty Mutual could not obtain reimbursement from Trahan out of those funds.

The Supreme Court of Texas recently addressed the controlling issue in this case.  In *Wausau Underwriters Insurance Company v. Wedel*, the court held that a substantively identical standard-form waiver endorsement precludes a carrier from seeking reimbursement not only directly from a liable third party, but also indirectly from an injured employee out of funds the liable third party pays to the employee. No. 17-0462, 2018 WL 2750567, at *6 (Tex. Jun. 8, 2018).  We conclude that the decision in *Wedel* is dispositive of this appeal and affirm the trial court's judgment.

## BACKGROUND

In April 2010, Trahan worked for Transocean Offshore Deepwater Drilling, Inc.  While working onboard the Deepwater Horizon in the Gulf of Mexico, Trahan suffered serious injuries as a result of the explosion on April 20, 2010.  At the time of the explosion, Transocean served as the operator for BP, PLC and others under a drilling contract between the predecessor of Transocean and the predecessor of BP. That contract required Transocean to provide workers' compensation insurance and further required all of Transocean's insurance policies to contain a waiver by the insurer or underwriter of any subrogation rights against BP.  Accordingly, Transocean obtained a workers' compensation policy from Liberty Mutual that included the standard-form waiver approved by TDI.

The waiver, entitled "Waiver of our Right to Recover From Others Endorsement," provides in pertinent part as follows:

> We have the right to recover our payments from anyone liable for an injury covered by this policy.  We will not enforce our right against the

2

person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

Schedule

All persons or organizations that are parties to a written contract that requires you to obtain this agreement, provided you executed the contract before the loss.[1]

Transocean paid Liberty Mutual an additional premium as consideration for the waiver.

After the explosion, Trahan received workers' compensation benefits from Liberty Mutual under the workers' compensation policy. Trahan also sued BP and others for negligence, products liability, and wanton or reckless conduct in causing his injuries. Trahan settled with some of the defendants for cash and future payments that, in total, exceed his past and future workers' compensation benefits.[2] Liberty Mutual then sought to recover the workers' compensation benefits it had paid Trahan and obtain a credit for any future benefits under section 417.002 of the Labor Code by filing a dispute with the TDI. After a contested hearing, the TDI ruled that Liberty Mutual had waived its right to "reimbursement and/or subrogation" under sections 417.001 and 417.002 of the Labor Code, and that Trahan's "third party recovery is not subject to [Liberty Mutual's] right to reimbursement of past income and medical benefits paid under Texas Labor Code §417 and [Trahan's] third party recovery is not subject to a future benefit holiday under Texas Labor Code §417."

---

[1] As previously noted, Transocean and BP were both parties, as successors in interest, to the drilling contract that required the subrogation waiver.

[2] Although Trahan did not sue Transocean, Transocean paid the settlement funds to him pursuant to an indemnity agreement between Transocean and BP.

3

Liberty Mutual filed this lawsuit seeking judicial review of the agency decision and order, and Liberty Mutual and Trahan filed cross-motions for traditional summary judgment. Liberty Mutual argued in its motion that the agency incorrectly found the subrogation waiver applied to its claim for reimbursement because the language of the waiver applies only to claims against a party liable for Trahan's injury, not to claims for reimbursement against Trahan himself. Trahan argued in his cross-motion that: (1) Liberty Mutual is collaterally estopped from relitigating the waiver issue because it was adversely decided against Liberty Mutual or an affiliate in a separate federal court case; and (2) the agency correctly decided Liberty Mutual waived its subrogation rights by executing the endorsement, which precluded recovery from settlement funds paid by a scheduled organization.

The trial court agreed with Trahan, granting his cross-motion for summary judgment without stating its grounds for doing so and denying Liberty Mutual's motion. The trial court also awarded Trahan his attorneys' fees and costs. This appeal followed.

## ANALYSIS

In a single issue, Liberty Mutual contends the trial court erred in granting summary judgment in favor of Trahan because the waiver is limited to a waiver of the insurer's rights against the liable tortfeasor and does not apply to its statutory right to reimbursement from the injured worker. Liberty Mutual stated in its brief that "[t]his issue is currently before the Texas Supreme Court . . . in *Wausau Underwriters Insurance Co. v. Wedel*, an appeal from the El Paso Court of Appeals." In addition, both Trahan and Liberty Mutual informed this Court in post-submission briefing that the Supreme Court of Texas had issued its decision in *Wedel*, affirming the El Paso Court of Appeals' decision and holding that the waiver barred the insurer's right to recover from funds paid to the injured employee. Because the

4

decision in *Wedel* is controlling in this case, we affirm the trial court's summary judgment.

## I.   Standard of review

As Liberty Mutual points out, the cross-motions for summary judgment present "a pure question of law regarding the meaning of the Waiver endorsement." We review the trial court's order granting summary judgment on cross-motions de novo. *See Wedel*, 2018 WL 2750567, at * 3 ("A declaratory judgment granted on a traditional motion for summary judgment is reviewed de novo." (quoting *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015)); *see also Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex. App.— Houston [14th Dist.] 2015, no pet.). When both sides move for summary judgement and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence to determine all questions presented. *Lane-Valente*, 468 S.W.3d at 204. A movant is entitled to summary judgment if it establishes that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.*

## II.  The waiver applies and bars Liberty Mutual's claim for reimbursement from Trahan.

In his cross-motion for summary judgment, Trahan sought judgment based on the language of the waiver and his argument that Liberty Mutual contractually waived its right to recover the benefits paid to him.[3] Trahan argued that the waiver

---

[3] As noted above, Trahan also moved for summary judgment on the ground that Liberty Mutual was collaterally estopped from relitigating the waiver issue based on the decision in a separate federal court case. In that case, *Liberty Ins. Corp. v. SM Energy*, No. H-12-3092, 2012 WL 6100303, at *9 (S.D. Tex. Dec. 7, 2012), the district court addressed the same standard waiver endorsement at issue in this case and granted summary judgment against Liberty Insurance Company because under "the undisputed facts in the record and the applicable law, Liberty contractually waived its statutory right to subrogation as to the workers' compensation benefits paid to the defendant employee and beneficiaries." Although Liberty Mutual argues on appeal

applies to subrogation rights against potentially liable third parties as well as reimbursement rights from injured employees out of funds they received from third parties.

In *Wedel*, the high court applied the same standard-form waiver endorsement language at issue in this case to nearly identical facts. An injured employee received workers' compensation benefits from the carrier and also sued a third party to recover damages for his injuries. *Wedel*, 2018 WL 2750567, at *1. When the injured employee and third party engaged in settlement negotiations, the carrier announced it would seek reimbursement from any settlement funds paid to the injured employee. *Id.* The El Paso Court of Appeals affirmed the trial court's order granting summary judgment for the injured employee, concluding that, by executing the waiver, the carrier "contractually waived its statutory right of subrogation and this waiver encompasses the right of reimbursement [against the employee] as well." *Id.* at *1 (quoting *Wausau Underwriters Ins. Co. v. Wedel*, 518 S.W.3d 615, 630 (Tex. App.—El Paso 2017)).

The Supreme Court of Texas affirmed the El Paso Court of Appeals' decision, holding that the carrier could not seek reimbursement indirectly from funds paid to the injured employee when it could not seek those funds directly from the liable third party. *Id.* at *4 ("Under the endorsement, the waiver of a carrier's 'right to recover' from the third party named in the schedule includes both a direct recovery from the third party and an indirect recovery from proceeds the third party pays to an injured employee. There is no meaningful difference between the two."). The court relied on decisions of the TDI[4] and other courts, as well as the plain language of the waiver.

---

that it is not collaterally estopped from relitigating the waiver, we need not address that issue because the *Wedel* decision is dispositive and supports the trial court's judgment. *See* Tex. R. App. P. 47.1.

[4] The court in *Wedel* cited the TDI decision in Trahan's case and one other case. 2018 WL

*Id.* at *3.

In holding that the waiver covered the carrier's right to seek reimbursement from funds paid to the injured employee, the court found unpersuasive the same arguments made by Liberty Mutual in this case. Liberty Mutual contends the waiver is limited to direct recovery against a third party because it applies only to subrogation against a third party. According to Liberty Mutual, its statutory right of subrogation against a third party is separate from its statutory reimbursement right against the injured employee.

The *Wedel* court noted that several courts have determined there is no meaningful distinction between those rights in this context. *Id.* at *4 ("Courts that have considered the distinction in this context—including the court of appeals in this case—have rejected it."). Yet even accepting a distinction between rights of subrogation against a liable third party and reimbursement against an injured employee, it would not change the result because the waiver mentions neither subrogation nor reimbursement. *Id.* Rather, the important question is whether the waiver's "right to recover" language waived both direct recovery against the third party and indirect recovery against the third party through funds paid to the injured employee. *See id.* The court concluded that nothing in the waiver limits its application to direct claims against a third party. *Id.* Thus, the waiver also covers the carrier's attempt to seek reimbursement from funds the third party paid the injured employee to settle the claims. *Id.* at *6. Finally, the court concluded that the language preventing the waiver from benefitting anyone other than third parties named in the schedule did not require a different result because the waiver benefits those parties more than the employee. *Id.* at *5.

---

2750567, at *3.

Liberty Mutual is seeking reimbursement from Trahan out of funds that potentially liable third parties paid Trahan. Liberty Mutual contractually waived its right to do so when it executed the endorsement and agreed not to enforce its right to recover payments from scheduled third parties for an injury covered by the workers' compensation policy. *Id.* at \*6. Because the *Wedel* decision addresses the issue raised by Liberty Mutual and is dispositive of its claim, we overrule Liberty Mutual's issue on appeal.

## CONCLUSION

Having overruled Liberty Mutual's sole issue on appeal, we affirm the trial court's judgment.

/s/ J. Brett Busby
Justice

Panel consists of Justices Busby, Brown, and Jewell.