**Affirmed and Memorandum Opinion filed April 2, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-01074-CV

## HUBERT BASS, Appellant

### V.

## MICHAEL W. GILLASPIA, JR. D/B/A TEXAS TRUCK SALES, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CV-0709**

## M E M O R A N D U M   O P I N I O N

Appellant Hubert Bass sued appellee Michael W. Gillaspia, Jr. d/b/a Texas Truck Sales, asserting that Gillaspia breached the parties' agreement by failing to return Bass's investment funds. Gillaspia moved for summary judgment on the affirmative defense of limitations. The trial court granted summary judgment and Bass appealed. For the reasons below, we affirm.

BACKGROUND

The parties signed the following letter agreement on April 28, 2010:

> This letter shall serve as guarantee for titles/trucks purchased by Texas Truck Sales with proceeds from Hubert Bass/Investor.
>
> Auction slips showing purchase cost will be provided to Hubert Bass upon vehicle purchase with invested funds.
>
> A flooring fee of $1,000.00 shall be presented to Hubert Bass with exchange for title upon sale of unit purchased with proceeds invested by Hubert Bass.
>
> Hubert Bass will hold titles as security interest for units purchased by Texas Truck Sales with minimum $44,000.00 invested in said titles.
>
> ***A written 30-Day notice will be given by Hubert Bass if investing funds wish to be withdrawn from Texas Truck Sales***.

(emphasis added). On December 16, 2011, Bass sent Gillaspia a letter regarding the "30-Day notice for investing funds withdrawal". The letter states:

> Per the signed, dated, and notarized loan agreement, between Hubert Bass and Michael W. Gillaspia Jr. dated April 28, 2010, Hubert Bass hereby so exercises his right to withdraw his $44,000 dollar investment funds and therefore demands payment in full of Hubert Bass's $44,000 dollar investment within 30 days of this letter being delivered.

Bass and Gillaspia signed the December 2011 letter. According to Bass, Gillaspia made a series of payments from 2011 to 2017 that reduced the total amount owed to $38,000. Gillaspia did not return the remainder of the investment funds.

Bass sued Gillaspia in May 2018, asserting claims for breach of contract and anticipatory breach. Bass alleged that Gillaspia failed to comply with the letter agreement's terms and failed to refund the total amount of Bass's $44,000 investment.

Gillaspia filed a motion for summary judgment on the affirmative defense of

limitations, arguing that Bass's suit was outside the four-year limitations period applicable to contract claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3). According to Gillaspia, Bass's suit accrued on January 15, 2012, thirty days after the parties signed Bass's December 2011 letter requesting a return of his investment funds. Pointing out that Bass filed suit in May 2018, Gillaspia asserted Bass's claims were barred by the four-year statute of limitations.

The trial court granted summary judgment in an order signed November 12, 2018. Bass timely appealed.

**ANALYSIS**

In his sole issue on appeal, Bass argues that the parties' letter agreement is ambiguous and does not specify the period of time in which Bass's investment funds were to be returned after the notice of withdrawal was given. This ambiguity, Bass argues, prevents Gillaspia from meeting his summary judgment burden with respect to the affirmative defense of limitations.

## I. Standard of Review and Governing Law

We review a trial court's grant of summary judgment *de novo*. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). A motion for traditional summary judgment is properly granted if the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A party moving for summary judgment on an affirmative defense bears the burden of conclusively establishing each element of the defense. *Clark v. ConocoPhillips Co.*, 465 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In reviewing a grant of summary judgment, we consider all the evidence

in the light most favorable to the non-moving party. *Leonard v. Knight*, 551 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Summary judgment is inappropriate when a contract is ambiguous. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983); *Lane-Valente Indus. (Nat'l), Inc.*, 468 S.W.3d at 205. Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances at the time it was executed. *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 450, 451 (Tex. 2011); *Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 878 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). A contract is not ambiguous if it can be given a certain or definite meaning as a matter of law. *Universal Health Servs., Inc. v. Renaissance Women's Grp., P.A.*, 121 S.W.3d 742, 746 (Tex. 2003). But a contract is ambiguous if, after applying the pertinent rules of construction, the contract is subject to two or more reasonable interpretations. *Nat'l City Bank of Ind.*, 401 S.W.3d at 878. That the parties disagree about a contract's meaning does not necessarily render the contract ambiguous. *Lane-Valente Indus. (Nat'l), Inc.*, 468 S.W.3d at 205.

When interpreting a contract, we presume the parties intended every clause to have some effect. *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 627 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). We give terms their plain, ordinary, and generally accepted meanings unless the contract shows the parties used them in a technical or different sense. *BP Oil Pipeline Co. v. Plains Pipeline, L.P.*, 472 S.W.3d 296, 303 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

The statute of limitations for a breach of contract claim is four years from the date of accrual. Tex. Civ. Prac. & Rem. Code Ann. § 16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam). A breach of contract claim accrues immediately upon breach. *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006);

4

*Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 786 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A party breaches a contract when it fails or refuses to do something it promised to do. *Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 721 n.9 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

## II.      Application

Resolution of Bass's appeal rests on the following provision in the parties' letter agreement:

> A written 30-Day notice will be given by Hubert Bass if investing funds wish to be withdrawn from Texas Truck Sales.

Bass argues that this provision is ambiguous because it does not address the manner or means by which the investment funds are to be withdrawn or provide a deadline for the funds' return. Bass interprets this provision "to mean that [Gillaspia] had thirty days to respond to [Bass's] request for the return of the funds."

In response, Gillaspia asserts that the provision is not ambiguous and required repayment of the investment funds within 30 days. Gillaspia argues that, when he failed to return Bass's investment funds within thirty days of the December 16, 2011 letter, Bass's breach of contract claim accrued.

We conclude that the parties' letter agreement is unambiguous and we ascertain its meaning as a matter of law. *See Universal Health Servs., Inc.*, 121 S.W.3d at 746. Giving the terms in the pertinent provision their plain and ordinary meanings, the provision conditioned the withdrawal of Bass's investment funds on a 30-day written notice. Therefore, once this written notice was given, the investment funds were due at the expiration of the 30-day period. Gillaspia, as the holder of the investment funds, was required to return them to Bass at that time.

5

Bass's interpretation of the withdrawal provision is not reasonable and does not render the provision ambiguous. According to Bass, at the expiration of the 30-day period Gillaspia only was required to "respond to [Bass's] request for the return of the funds." But this provision conditions a withdrawal of the investment funds only upon the giving of the required written notice — it does not require that a "response" or any other action proceed the withdrawal. We decline to adopt an interpretation that reads additional terms into the parties' agreement. *See Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010) ("Courts strive to honor the parties' agreement and not remake their contract by reading additional provisions into it.").

Bass gave notice of his wish to withdraw the investment funds in a letter dated December 16, 2011. According to the letter agreement's terms, Bass's investment funds were due on January 15, 2012, 30 days after the written notice. It is undisputed that Gillaspia did not return the investment funds on this date. Therefore, Gillaspia breached the contract on January 15, 2012, and Bass's contract claims accrued on this date. *See Barker*, 213 S.W.3d at 311; *Vast Constr., LLC*, 526 S.W.3d at 721 n.9. Bass filed suit in May 2018, outside the four-year limitations period applicable to contract claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051. Therefore, Gillaspia satisfied his summary-judgment burden and established as a matter of law that Bass's suit is barred by the applicable statute of limitations. *See* Tex. R. Civ. P. 166a(c).

Challenging this interpretation of the letter agreement, Bass points out that Gillaspia "made periodic payments over the course of a couple of years." But an unambiguous contract is enforced as written and extraneous evidence cannot create an ambiguity or give the contract a meaning different from that which its language imports. *See David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-51 (Tex. 2008)

(per curiam). That Gillaspia remitted payments over a period of several years does not alter the letter agreement's requirement that the investment funds be returned 30 days after written notice requesting their withdrawal.

Bass also argues that, because he continued to accept Gillaspia's partial payments, he "abandoned his attempt to accelerate the note" and delayed the accrual of his claims. The case Bass cites to support this principle does not apply to the facts presented here. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567-68 (Tex. 2001). The note in *Wolf* had an acceleration clause and evidence showed an exercise of that option; these facts affected the court's determinations regarding accrual and statutes of limitation. *See id*. at 568-74. But here, the parties' letter agreement does not contain an acceleration clause — therefore, Bass's continued acceptance of Gillaspia's partial payments does not alter our analysis.

Because Gillaspia established that he was entitled to judgment as a matter of law on the affirmative defense of limitations, the trial court properly granted summary judgment.

## CONCLUSION

We affirm the trial court's November 12, 2018 summary judgment.


/s/      Meagan Hassan
          Justice


Panel consists of Justices Christopher, Bourliot, and Hassan.

7