

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00007-CV

ADRIAN LINDEEN, APPELLANT

V.

MICHAEL KELLEY, APPELLEE

On Appeal from the 368th District Court
Williamson County, Texas
Trial Court No. 23-2083-C368, Honorable Sarah Bruchmiller, Presiding

February 25, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Adrian Lindeen filed a notice of appeal challenging two interlocutory orders: (1) the denial of her Texas Citizens Participation Act (TCPA) motion to dismiss, and (2) the denial of her request for attorney's fees and sanctions under the TCPA.[1] Because Lindeen filed a late notice of appeal from the order denying her TCPA motion to

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. See TEX. R. APP. P. 41.3.

dismiss and has no permissible interlocutory appeal from the order denying her request for attorney's fees and sanctions, we dismiss her appeal for want of jurisdiction.

## BACKGROUND

In 2023, Appellee Michael Kelley filed a defamation suit against Lindeen and other defendants, alleging they posted false statements about him on a group Facebook page. Lindeen and the other defendants moved to dismiss Kelley's lawsuit under the TCPA and sought an award of attorney's fees and sanctions. On April 23, 2024, the trial court issued an order granting the TCPA motion to dismiss with respect to some claims, while denying it as to others. The order stated that a hearing would be held at a later date to determine the amount of attorney's fees and sanctions to award against Kelley, if any, for the claims dismissed by the TCPA motion. On November 25, 2024, the trial court issued an order denying Lindeen's request for attorney's fees and sanctions. On December 4, 2024, Lindeen filed an interlocutory appeal from the two orders, despite several claims and parties remaining unresolved. Kelley now moves to dismiss the appeal for lack of jurisdiction.

## ANALYSIS

Our jurisdiction extends to appeals from final judgments and certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). The Civil Practice and Remedies Code allows an interlocutory appeal of an order that "*denies* a motion to dismiss filed under Section 27.003" of the TCPA. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (emphasis added). However, no interlocutory appeal

2

is permitted from an order *granting* a TCPA motion to dismiss. *Eureka Holdings Acquisitions, L.P. v. Marshall Apts., LLC*, 597 S.W.3d 921, 923 (Tex. App.—Austin 2020, pet. denied) (emphasis added).

Where an interlocutory appeal is permissible, a timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). In this case, the trial court signed the order partially denying Lindeen's TCPA motion to dismiss on April 23, 2024. Consequently, Lindeen's notice of appeal was due within twenty days, by May 13, 2024. *See* TEX. R. APP. P. 26.1(b) (governing the notice of appeal deadline for accelerated appeals); 28.1 (accelerating interlocutory appeals). Lindeen did not file a notice of appeal until December 4, 2024.

In response to Kelley's motion to dismiss, Lindeen argues that the appellate deadline was not triggered until after the April 23 order became "final," following the trial court's denial of her request for attorney's fees and sanctions in the November 25 order. However, the cases cited by Lindeen for this contention, *Fleming, WIKD, and Garcia,* pertain to the finality of orders granting a TCPA motion to dismiss, rather than those denying such motions. *See Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460–61 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (dismissing interlocutory appeal of order *granting* TCPA motion to dismiss because there was no final judgment); *WIKD, LLC v. Gomez*, No. 05-24-00710-CV, 2024 Tex. App. LEXIS 5600, at *2–3 (Tex. App.—Dallas Aug. 6, 2024, no. pet.) (mem. op.) (dismissing interlocutory appeal of order *granting* TCPA motion to dismiss where the issue of attorney's fees remained pending); *Garcia v. Semler*, No. 05-20-00761-CV, 2021 Tex. App. LEXIS 2788, at *3 (Tex. App.—Dallas Apr. 13,

3

2021, no pet.) (mem. op.) (doing same). Since there is no interlocutory appeal permitted from an order granting a TCPA motion to dismiss, their appeal must come after a final judgment. In *Fleming, WIKD, and Garcia,* the order granting the TCPA motion did not become final until the appellant's claims for attorney's fees and sanctions had been resolved. *Id.*

Moreover, Lindeen's argument is inconsistent with the Third Court of Appeals' holding in *Eureka Holdings.*[2] *In Eureka*, the Third Court held that an order partially granting and partially denying a TCPA motion to dismiss was immediately appealable under section 51.014(a)(12), even if the trial court postpones a decision on attorney's fees and sanctions to award. *Eureka,* 597 S.W.3d at 924–25. There, the appellant filed its appeal months after the denial of its TCPA motion to dismiss, waiting for the trial court to determine its claim for attorney's fees and sanctions. *Id.* at 923. The Third Court dismissed the appeal as untimely, reasoning that the time to appeal from a trial court's partial denial of a TCPA motion to dismiss begins when the trial court signs its order addressing the merits of the motion, not when it addresses attorney's fees and sanctions. *Id.* at 924–25 (". . . the TCPA allows a trial court to sign an order ruling on the merits of a TCPA motion—from which, in the event of a denial, an interlocutory appeal may be taken under section 51.014 . . . and then to resolve the issue of attorney's fees in a separate, later order."). Likewise, the time to appeal from the trial court's partial denial of Lindeen's

---

[2] Once again, we are bound by the precedent established by the Third Court of Appeals, as well as that of the Supreme Court of Texas, in accordance with the principles of stare decisis. *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 258 (Tex. 2022).

TCPA motion to dismiss commenced when the trial court addressed the merits of the motion, on April 23, 2024, not with the subsequent order on attorney's fees and sanctions.

As to the second appealed order, *Eureka* clarified that there is no statutory basis for an interlocutory appeal from the trial court's order that only addresses attorney's fees for the partial granting of the motion to dismiss. *Eureka,* 597 S.W.3d at 924–25. Therefore, any appeal from the denial of attorney's fees or sanctions must follow a final judgment. *Id.*

Finally, Kelley requests sanctions against Lindeen for filing a frivolous appeal under Rule of Appellate Procedure 45. While the decision to impose sanctions is within the discretion of the Court, it is exercised cautiously only after careful consideration. *See Lane-Valente Indus, Inc. v. J.P. Morgan Chase*, N.A., 468 S.W.3d 200, 207 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 Tex. App. LEXIS 10010, at *8 (Tex. App.—Austin Oct. 26, 2017, pet. denied) (mem. op.). In this instance, we decline to impose sanctions.

Accordingly, we grant Kelley's motion to dismiss the appeal for want of jurisdiction but deny his request for sanctions. The appeal is dismissed. TEX. R. APP. P. 42.3(a).

Per Curiam