CITY OF AUSTIN, Appellant,

v.

Estate of Victoria O. AGUILAR et al., Appellees.

No. 13173.

Court of Civil Appeals of Texas, Austin.

Oct. 29, 1980.

Rehearing Denied Nov. 19, 1980.

---

Jerry L. Harris, City Atty., Glenn K. Weichert, Asst. City Atty., Austin, for appellant.

Andrew J. Forsythe, Austin, for appellees.

PHILLIPS, Chief Justice.

The question for decision is whether the requirement of Tex.Prob.Code Ann. § 304 (1955), that the claim of a corporation be authenticated by "the cashier, treasurer or managing official," is mandatory so that failure to comply therewith renders the claim a nullity or whether such error is one of form that can be waived.

The City of Austin, appellant here and plaintiff below, filed suit on a claim for hospital services rendered which had been rejected by the administratrix of the estate of Victoria O. Aguilar, appellee here and defendant below. In presenting the claim, the City asserts that it followed all the procedures required by Tex.Prob.Code Ann., Sections 301, 304, 308 and 313.

Prior to this time, the City had filed two other claims against appellees' estate which were virtually identical to the claim at bar except that the authenticating affidavits were signed by an Assistant City Attorney. The administratrix rejected those claims. Only the third claim, being that upon which suit was predicated, was authenticated by the managing official of the corporation in accordance with the requirement set out in Tex.Prob.Code Ann. § 304, *viz*: "The cashier, treasurer or managing official of a corporation shall make the affidavit required to authenticate a claim of such corporation."

More than 90 days had passed since the rejection by the estate of the first claim filed on behalf of the City. The district court, by sustaining appellees' plea in bar, held that claim was barred under the provisions of Tex.Prob.Code Ann. § 313 (1975).

An appeal from this ruling has been duly perfected to this Court.

We affirm.

Appellant's sole point of error is that the district court erred in ruling that the ninety–day limitation period commenced to run with the rejection of the first claim by the City.

This is somewhat of an unusual case since the appellant is attacking the validity of its own first claim, which if upheld, would, in effect, validate the third claim which apparently complies with the statutes in all respects.

■ The City now argues that the first two claims filed by it are nullities because of its own failure to follow the statute. We think not. Texas Prob.Code Ann. § 302 states that: "Any defect of form, or claim of insufficiency of exhibits or vouchers presented, shall be deemed waived by the personnel representative unless written ob-

**312**

jection thereto has been made within thirty days after presentment of the claim, and filed with the County Clerk." The administratrix never objected in writing that the first and second claims were not authenticated by the City Manager.

We hold that the defects of the first and second claims were ones of form and were waived by appellees' not filing an objection in writing. Texas Prob.Code Ann. § 302. The cases cited by the City in support of its position are distinguishable from the case at bar.[1] These cases do not involve instances in which the only problem with the affidavit is the authority of the person signing the affidavit. Moreover, most of these cases predate the enactment of Tex.Prob. Code Ann. § 302. This section was enacted to eliminate belated bickering over the form of a claim but not to affect disputes concerning the substantive validity of a claim.

We also note that Tex.Prob.Code Ann. § 313, requiring that suit be instituted within ninety days after rejection, has been held to be mandatory. *Whitmire v. Powell*, 117 S.W. 433 (Tex.Civ.App.–Dallas), *rev'd on other grounds*, 125 S.W. 889 (Tex.1910); *Butler v. Fechner*, 200 S.W. 1126 (Tex.Civ. App.–San Antonio 1918, no writ); *Askey v. Power*, 21 S.W.2d 326 (Tex.Civ.App.–Fort Worth), *rev'd on other grounds*, 36 S.W.2d 446 (Tex.1931).

■ Inasmuch as the first claim against the estate has been barred, the subsequent claims are nullities.

The judgment of the trial court is in all things affirmed.

---

1. *Cobb v. Norwood*, 11 Tex. 556 (1854) (affidavit was signed by an agent who had no authority to sign the claim and collect the debt); *Lanier v. Taylor*, 41 S.W. 516 (Tex.Civ.App.–Beaumont 1897, writ dismissed) (affidavit had no signature); *Hooks v. Martin*, 229 S.W. 592 (Tex.Civ.App.–Beaumont 1921, no writ) (unverified claim); *Boney v. Harris*, 557 S.W.2d 376 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ) (language of affidavit not in substantial compliance with Probate Code); *Parsons v. Parsons*, 275 S.W. 200 (Tex.Civ.App.–Texarkana 1925, no writ) (insufficient language to comply with Probate Code).