**Affirmed and Memorandum Opinion filed November 19, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00996-CV

## KRISTIN WILKINSON, Appellant

### V.

## LISA SUSMAN, DEPENDENT ADMINISTRATOR OF THE ESTATE OF WARREN REID WILLIAMSON, DECEASED, Appellee

**On Appeal from the Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 450,209-401**

## M E M O R A N D U M   O P I N I O N

Appellant Kristin Wilkinson sued appellee Lisa Susman, dependent administrator of the estate of Warren Reid Williamson, after Susman denied Wilkinson's claim against Williamson's estate. Wilkinson's claim sought to recover a contingency fee stemming from her prior representation of a client in a suit against Williamson for sexual assault which resulted in a judgment for Wilkinson's client and a $4.75 million damages award.

Susman and Wilkinson filed cross-motions for summary judgment; the trial court granted Susman's motion and denied Wilkinson's. For the reasons below, we affirm the trial court's summary judgment.

## BACKGROUND

### *Relevant Facts*

The contingency fee at issue arises from Wilkinson's representation of Saskia Madison, as next friend of her daughter M.M.,[1] in a 2002 lawsuit against Williamson. *See Madison v. Williamson*, 241 S.W.3d 145 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The suit alleged that Williamson sexually assaulted M.M. on several occasions while M.M. was at his home visiting his daughter. *See id*. at 150-51. The jury returned a verdict in favor of M.M. and the trial court rendered judgment against Williamson for $3 million in actual damages and $1.75 million in exemplary damages, plus interest and costs. *Id*. at 151. The trial court's judgment was affirmed on appeal. *See id*. at 162.

In May 2006, a Harris County probate court signed an order creating a management trust for M.M.'s benefit. *See* Tex. Est. Code Ann. §§ 1301.051-1301.058. The probate court appointed USAA Federal Savings Bank Trust Services ("USAA") to serve as trustee. USAA hired Wilkinson on a contingency fee basis to pursue judgment collection on behalf of the trust. In March 2009, Wilkinson and USAA signed an amended representation agreement, which increased Wilkinson's contingent-fee interest from 33.33% to 40%.

In February 2009, the trial court signed an order appointing a receiver under the turnover statute to take charge of certain of Williamson's property and assets.

---

[1] Because M.M. was a minor when the underlying events occurred, we refer to her and her mother using the pseudonyms employed by the court in *Madison v. Williamson*, 241 S.W.3d 145, 149 n.1 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

*See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(3). The trial court appointed William W. Morris, an attorney with Looper Reed & McGraw, P.C., to serve as receiver. Morris entered into an agreement with Wilkinson whereby he agreed to "be retained by [Wilkinson] to work as receiver on behalf of USAA" and, "[t]o the extent possible," Wilkinson agreed to perform legal work on behalf of the receivership.

The State Bar of Texas suspended Wilkinson's license to practice law from September 1, 2009 to February 28, 2010. Wilkinson filed a motion to withdraw as attorney of record for Morris and USAA and to substitute Harry G. Potter III, an attorney with Williams, Kherker, Hart & Boundas, L.L.P., as their counsel. The trial court granted Wilkinson's motion. In March 2010, USAA informed Wilkinson that it would keep Potter as its counsel. That same month, Wilkinson terminated her agreement with Morris.

After her license to practice law was reinstated, Wilkinson filed three motions with the trial court to replace Morris with a substitute receiver. The trial court denied the motions. Wilkinson's license to practice law again was suspended from May 1, 2011 through April 30, 2013.

While her license was suspended, Wilkinson filed a motion with the trial court to release to her 40% of the funds in the court's registry. USAA and Morris opposed Wilkinson's motion, and the trial court denied the motion in July 2011.

Wilkinson subsequently sued USAA, Morris, Looper Reed & McGraw, P.C., and Williams, Kherker, Hart & Boundas, L.L.P., alleging that they wrongfully prevented her from recovering her alleged interest in the *Madison v. Williamson* judgment. The trial court granted the defendants' summary judgment motions and this court affirmed the summary judgment on appeal. *See Wilkinson v. USAA Fed. Sav. Bank Trust Servs.*, No. 14-13-00111-CV, 2014 WL 3002400, at

3

*12 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. denied) (mem. op.).

Williamson died on May 22, 2016, and Susman was appointed dependent administrator of Williamson's estate (the "Estate"). On April 27, 2017, Wilkinson filed with Susman an Authenticated Statement of Claim. *See* Tex. Est. Code Ann. § 355.001 (governing presentment of a claim to a personal representative). In her claim, Wilkinson sought to collect from the Estate "on behalf of Kristin Wilkinson and The Wilkinson Law Firm . . . attorneys fees due and assigned . . . by contracts for representation of the Plaintiff in Cause No. 2002-5528; [S.] *Madison, As Next Friend of* [*M.M.*]*, A Minor v. Warren Reid Williamson*". Wilkinson's claim asserted that the "current balance" due equaled one-third of the $4.75 million judgment plus pre- and post-judgment interest. Wilkinson included the following exhibits with her claim:

1.  The trial court's March 21, 2005 final judgment in *Madison v. Williamson*.

2.  The abstract of judgment entered in *Madison v. Williamson*.

3.  A November 21, 2008 "Final Order" entered in case no. H-06-0879 in the United States District Court for the Southern District of Texas, Houston Division ordering that the debt represented by the judgment in *Madison v. Williamson* is not dischargeable from Williamson's chapter 7 bankruptcy case.

4.  The District Court's memorandum accompanying its November 21, 2008 order.

5.  Wilkinson's April 30, 2008 representation agreement with USAA with respect to M.M.'s management trust. The 2008 agreement "set over and assign[ed]" to Wilkinson a "33-1/3 percent (.3333) [interest] in said causes of action without regard to whether settlement is made before or after an appeal is filed or payment is made pursuant to judgment or other legal process."

6.  Wilkinson's March 16, 2009 representation agreement with USAA with respect to M.M.'s management trust. The 2009 agreement "set over and assign[ed] to and hereby create[d] a lien" in favor of

4

Wilkinson for "40 percent (.40) [interest] in said causes of action without regard to whether settlement is made before or after an appeal is filed or payment is made pursuant to judgment or other legal process."

On May 25, 2017, Susman rejected Wilkinson's claim against the Estate. *See* Tex. Est. Code Ann. § 355.051 (a personal representative must accept or reject a claim within 30 days after the date an authenticated claim against the estate is presented). In the accompanying memorandum of rejection, Susman asserted that (1) Wilkinson was not a party to the judgment entered in *Madison v. Williamson*; (2) Wilkinson had no contract with Williamson or the Estate for payment of her attorney's fees; and (3) Wilkinson had no "legal right" to recover from Williamson or the Estate "on her own behalf or on behalf of her firm."

On November 29, 2017, a person claiming to be M.M. filed a claim against the Estate for $7,564,808.24 based on the 2005 judgment in *Madison v. Williamson*. Wilkinson did not represent M.M. with respect to this claim; instead, the claim was submitted on M.M.'s behalf by attorneys with Williams, Kherker, Hart & Boundas, L.L.P. On December 28, 2017, Susman rejected the claim and stated that, "[a]lthough the Claimant claims to be [M.M.], she did not submit any supporting documentation proving she is the same person as [M.M.]." The claimant did not commence suit on the rejected claim.

***The Underlying Suit***

Wilkinson sued Susman in August 2017 and asserted the following claims stemming from Susman's rejection of her contingency-fee claim: (1) "judgment establishing the claim in accord with Section 355.066 of the Texas Estates Code"; (2) for an increase in Susman's bond to protect Wilkinson's rights "as a creditor in this estate"; (3) to establish a lien on all Estate property withdrawn from the administration; (4) "for satisfaction of the claim and all damages related to the

5

improper rejection of the claim"; and (5) fraud. Wilkinson sought both actual and exemplary damages.

Susman filed a traditional motion for summary judgment raising two principal arguments with respect to Wilkinson's contingency-fee claim:

1. Wilkinson could not independently pursue her claim against the Estate because her rights to the contingency fee were wholly derivative of M.M.'s rights.

2. A person purporting to be M.M. filed a claim against the Estate for satisfaction of the 2005 judgment. M.M.'s claim was rejected. Because M.M. did not file suit on her claim within the 90-day deadline, it (and Wilkinson's derivative rights to her contingency fee) is barred.

Susman also addressed Wilkinson's other claims, raising specific arguments with respect to each.

Wilkinson responded to Susman's motion and asserted that she, as M.M.'s attorney with respect to the 2005 judgment, could pursue in her own right her contingency fee. Wilkinson also filed a traditional summary judgment motion with respect to her six claims, raising many of the same arguments as in her response to Susman's motion.

The trial court signed two orders on October 29, 2018, with respect to the parties' summary judgment motions. The first order denies Wilkinson's summary judgment motion. The second order grants Susman's summary judgment motion and states, in relevant part:

[Wilkinson's] objections to [Susman's] Affidavit are OVERRULED.

[Susman's] objection to the unauthenticated exhibits attached to [Wilkinson's] Response is SUSTAINED.

[Susman's] objections to the introductory paragraph and in paragraphs 2, 7, 8 (bottom), 9, 15, 18, 22, and 25 of the Response as being improper summary judgment evidence are each SUSTAINED.

6

In addition, the Court further finds:

> There is no genuine issue of any material fact, and [Susman] is entitled to judgment as a matter of law as to all claims and causes of action set forth in [Wilkinson's] petition. Specifically, the Court finds that [Wilkinson's] claim is completely derivative of the claim of the underlying judgment holder, and [Wilkinson] cannot bring a claim for attorneys fees in her own right. Further, the claim of the underlying judgment holder is barred as a matter of law.

Wilkinson timely appealed.

## ANALYSIS

Wilkinson's brief on appeal[2] asserts two issues and twelve sub-issues. The arguments raised with respect to each issue are not clearly defined and overlap with other issues' contentions.

In an effort to fully address Wilkinson's arguments on appeal, we begin with an analysis of several preliminary issues before discussing the standard of review governing cross-motions for summary judgment. We then proceed to analyze the trial court's summary judgment and Wilkinson's contentions using the six claims asserted in her original petition as a roadmap.

## I.    Preliminary Issues

Wilkinson's appellate brief raises several preliminary issues regarding (1) Susman's standing, (2) variance between the issues raised in Susman's answer and those in her summary judgment motion, and (3) the trial court's ruling on the parties' evidentiary objections. We consider these issues separately.

### A.    Standing

Wilkinson summarily asserts that Susman "did not allege or offer proof that

---

[2] While Wilkinson represents herself on appeal, she states that her status is pro se and that she is not currently practicing.

[she] had standing to make the asserted defenses against the assigned interest belonging to Appellant Wilkinson." Wilkinson does not advance any argument or authority to support this contention. *See* Tex. R. App. P. 38.1(i) ("The [appellate] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Generally speaking, the concept of standing examines whether a plaintiff may properly pursue a claim against a defendant. *See, e.g.*, *Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019) ("A plaintiff has standing to seek prospective relief only if he pleads facts establishing an injury that is concrete and particularized, actual or imminent, not hypothetical.") (internal quotation omitted); *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) ("In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court.") (internal quotation omitted). Wilkinson does not cite — and our research does not find — any authorities applying this consideration with respect to an estate's personal representative who is sued regarding a rejected claim.

Instead, the Texas Estates Code expressly permits the type of action presented here, wherein the holder of a rejected claim commences suit against the estate's personal representative. *See* Tex. Est. Code Ann. § 355.064. In this type of proceeding, the personal representative may defend its rejection of the underlying claim. *See, e.g., City of Austin v. Aguilar*, 607 S.W.2d 310, 311 (Tex. App.—Austin 1980, no writ).

We overrule Wilkinson's issue regarding Susman's standing.

### B. Variance Between Susman's Pleadings and Summary Judgment Motion

Wilkinson asserts that Susman improperly raised certain issues in her motion

8

for summary judgment that were not "expressly presented" in her answer. We presume without deciding that Wilkinson properly raised this objection in the trial court and preserved the issue for appellate review. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (discussing error preservation with respect to variances between the motion for summary judgment and the movant's pleadings).

Specifically, Wilkinson argues:

Unlike [Susman's] answer, [Susman's] motion for summary judgment **alleged that Wilkinson's claim against the Williamson Estate was defeated because** the contracts attached to Wilkinson's Authenticated Statement of Claim were entered into after the *Madison* Judgment was entered in the underlying 2002 case, *Madison v. Warren Reid Williamson*, and because the contracts were amended.

(emphasis added). But this challenge does not accurately summarize the grounds on which Susman sought summary judgment.

In the "Facts" section of her summary judgment motion, Susman stated that the USAA contracts included with Wilkinson's Authenticated Statement of Claim were "entered into <u>after</u> the judgment in the 2002 case." (emphasis in original). Susman did not state that the USAA contracts were amended. Susman did not rely on either of these statements in the body of her summary judgment motion. Therefore, contrary to Wilkinson's contention, Susman did not allege Wilkinson's claim against the Estate was defeated **because** (1) the USAA contracts were entered into after the *Madison v. Williamson* judgment, or (2) the USAA contracts were amended. Accordingly, these statements do not constitute variances between Susman's pleadings and the grounds on which she sought summary judgment.

Moreover, these statements accurately reflect the USAA contracts included with Wilkinson's Authenticated Statement of Claim and attached as evidence to

Susman's summary judgment motion.  Both the April 30, 2008 and the March 16, 2009 representation agreements between Wilkinson and USAA regarding M.M.'s management trust were entered into after the 2005 judgment was signed in *Madison v. Williamson*.  And in Wilkinson's list of exhibits included with her Authenticated Statement of Claim, she specifically states that both representation agreements were "amended".  Therefore, any statements regarding these particular matters do not constitute "variances" that were required to be raised in Susman's pleadings.

We overrule Wilkinson's issue regarding the alleged variances between Susman's pleadings and her summary judgment motion.

## C.   Evidentiary Objections

Wilkinson argues that the trial court improperly (1) overruled her objections to certain statements in Susman's affidavit, and (2) granted Susman's objections to the exhibits attached to Wilkinson's summary judgment response.

We begin with Wilkinson's objections.  In her response to Susman's summary judgment motion, Wilkinson argued that the following statements in Susman's affidavit were conclusory and not supported by evidence:[3]

1.   "The current bond amount is adequate for [the] amount of assets currently in my possession as administrator of the estate."

2.   "No property has been 'withdrawn from the administration' of the estate.  In fact, no persons who would be entitled to receive a part of the estate has requested assets be withdrawn from the administration of the estate.  All funds which have been paid out of the estate have been paid pursuant to court order.  None of the amounts paid out have been distributions to heirs."

---

[3] Wilkinson raised these objections in the trial court and received a ruling, thereby preserving these arguments for appellate review.  *See* Tex. R. App. P. 33.1(a); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163-64 (Tex. 2018) (per curiam).

Because these statements do not affect our disposition of Wilkinson's issues on appeal, we need not consider whether the trial court erred by overruling Wilkinson's objections. For the purposes of our analysis, we assume without deciding that these statements should have been excluded. *See, e.g., Kingwood Home Health Care, L.L.C. v. Amedisys, Inc.*, No. 14-11-00368-CV, 2015 WL 1245464, at \*3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, no pet.) (mem. op.).

Wilkinson also argues that the trial court erred by sustaining Susman's objection to the exhibits attached to Wilkinson's summary judgment response. Wilkinson's exhibits included the following filings from the *Madison v. Williamson* proceeding: (1) the 2005 final judgment; (2) the 2009 "Amended Order for Turnover Relief"; and (3) the mandate issued by the First Court of Appeals. Susman argued that these pleadings were "not proper summary judgment evidence" because they were "unauthenticated"; the trial court sustained Susman's objection in its order on her summary judgment motion.

Like the challenged statements in Susman's affidavit, this evidence does not affect our disposition of Wilkinson's issues on appeal. Therefore, for the purposes of our analysis, we assume without deciding that the exhibits were erroneously excluded and include them in our review of the trial court's summary judgment. *See id*.

## II.    Standard of Review

We review a trial court's grant of summary judgment *de novo*. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). A traditional motion for summary judgment is properly granted if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; *Lane-Valente Indus. (Nat'l), Inc. v. J.P.*

11

*Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex. App.—Houston [14th Dist.] 2015, no pet.). When both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

When determining whether there is a disputed issue of material fact that precludes summary judgment, we must accept as true all evidence supporting the non-movant. *Chappell Hill Bank v. Smith*, 257 S.W.3d 320, 324 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We indulge all reasonable inferences and resolve all doubts in the non-movant's favor. *Id*.

## III. Wilkinson's Claim Against the Estate for Her Contingency Fee

The main issue on appeal is whether Wilkinson is entitled to receive from the Estate her contingency fee stemming from the 2005 judgment in *Madison v. Williamson*. The parties argued this issue in their separate summary judgment motions and in their responses to each other's motion. Specifying the grounds for its resolution of this issue,[4] the trial court stated in its order granting Susman's motion:

> [Wilkinson's] claim is completely derivative of the claim of the underlying judgment holder, and [Wilkinson] cannot bring a claim for attorneys fees in her own right. Further, the claim of the underlying judgment holder is barred as a matter of law.

Arguing that the trial court erroneously granted summary judgment on this issue,

---

[4] When the trial court specifies the ground on which its summary judgment was granted, we generally limit our review to that ground. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625-26 (Tex. 1996).

Wilkinson contends that she possesses an independent right to make a claim against the Estate for her contingency fee.

But an attorney's right to recover based on a contingent-fee agreement is "wholly derivative from those of [her] client." *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 567 (Tex. 1962); *see also GEICO Choice Ins. Co. v. Stern*, No. 01-18-00013-CV, 2019 WL 3819518, at *4 (Tex. App.—Houston [1st Dist.] Aug. 15, 2019, no pet.) (mem. op.). Applying this principle in *Dow Chemical Co.*, the Texas Supreme Court held that an attorney may not prosecute a cause of action on his own behalf to secure a contingent fee after his client (the original plaintiff) had been properly dismissed from the case. 357 S.W.2d at 565, 568-69. Rejecting the attorney's contention that his contingency-fee contract created "an immediate, vested, unrestricted, separate and distinct interest in the plaintiff's cause of action", the Court stated that the case was not governed by the rules applicable to an ordinary assignment. *Id*. at 566-67. Rather, because "[t]he attorney-client relationship is one of principal agent", the Court held that "the rights of each in a cause of action during the existence of that relationship are necessarily dependent upon and inseparably interwoven with the other." *Id*. at 567. "There is but one cause of action", the Court emphasized, and "[n]either lawyer nor client should be permitted to select the good features of his contract and reject the bad." *Id*. Therefore, because his claim was derivative of his client's, the attorney could not pursue in his own right the recovery of his contingency fee from the defendant in the underlying proceeding. *Id*. at 568-69; *see also GEICO Choice Ins. Co. v. Stern*, 2019 WL 3819518, at *5 (attorney could not maintain a separate cause of action against defendant insurance company to recover additional attorney's fees); *Raub v. Gate Guard Servs., L.P.*, No. 13-15-00097-CV, 2017 WL 2570042, at *2 (Tex. App.—Corpus Christi Mar. 30, 2017, no pet.) (mem. op.) (the plaintiff's

attorney had no standing to sue the opposing party in the underlying suit for his attorney's fees).

Because an attorney's right to her contingency fee is wholly derivative of her client's rights, the attorney is entitled to receive her specified fee only when and to the extent her client receives a payment. *See Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006) ("a contingent-fee lawyer 'is entitled to receive the specified fee only when and to the extent the client receives payment'") (quoting Restatement (Third) of the Law Governing Lawyers § 35(2) (2000)); *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 94 (Tex. 2001) (stating the same principle). Likewise, any impediment to the client's recovery also applies to the attorney's derivative right to her fee. *See Dow Chem. Co.*, 357 S.W.2d at 568-69 (attorney could not prosecute a claim on his own behalf to secure contingency fee after his client, the original plaintiff, was properly dismissed for refusal to appear at a deposition).

This line of authority is determinative of the issue presented here. Wilkinson contends she "own[s]" part of the judgment; "has the absolute right to pursue payment in her own name"; and is "in privity" with M.M. But these arguments have been rejected. *See id*. at 567 (lawyer's rights based on a contingent-fee contract "are wholly derivative from those of his client"); *see also id*. at 568 (emphasizing that the attorney-client relationship is one of principal and agent, the Court rejected the notion that an attorney with a contingent-fee contract would be "akin to a coplaintiff"); and *Fincher v. Wright*, 141 S.W.3d 255, 261 (Tex. App.—Fort Worth 2004, no pet.) (rejecting the argument that the attorney was "in privity" with his client, the court stated that "an attorney representing a client pursuant to a contingency fee contract is merely the party's legal representative, and not a coplaintiff"). Therefore, Wilkinson may not, on her own

14

behalf, pursue an independent cause of action to secure her contingency fee from the Estate. *See Dow Chem. Co.*, 357 S.W.2d at 568-69; *see also GEICO Choice Ins. Co.*, 2019 WL 3819518, at *5; and *Raub*, 2017 WL 2570042, at *2.

Rather, because Wilkinson's rights to her fee are wholly derivative of M.M.'s rights, Wilkinson is entitled to recover her specified fee only when and to the extent M.M. receives a payment. *See Hoover Slovacek LLP*, 206 S.W.3d at 562; *Levine*, 40 S.W.3d at 94. Here, the summary judgment evidence shows that a person purporting to be M.M. made a claim against the Estate for the entirety of the $7.5 million judgment rendered in *Madison v. Williamson*. Susman rejected the claim and, because M.M. did not commence suit on the rejected claim within 90 days of the rejection, the claim is barred as a matter of law. *See* Tex. Est. Code Ann. § 355.064(a) (a claim that has been rejected by the personal representative "is barred unless not later than the 90th day after the date of rejection the claimant commences suit on the claim"); *see also In re Estate of Larson*, 541 S.W.3d 368, 376 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (executor did not file suit to contest the rejection of his claim against the estate; accordingly, "his claim was barred by operation of section 355.064").

Wilkinson does not challenge this evidence or argue that M.M.'s claim is not subject to the 90-day filing deadline imposed by section 355.064. Wilkinson argues only that M.M. "had no right to compromise Wilkinson's interest". But Wilkinson cannot "select the good features of [her] contract and reject the bad." *Dow Chem. Co.*, 357 S.W.2d at 567. Because Wilkinson's contingency-fee claim is derivative of M.M.'s rights, it is subject to the same limitations. *See id*. at 568-69.

The other arguments Wilkinson raises with respect to this issue do not warrant a departure from these well-establishes principles.

15

Wilkinson argues that she "is entitled to make a claim against the Estate" because she has a "contractual attorney's lien for which she has the absolute right to pursue payment in her own name." This argument presumably refers to her March 16, 2009 agreement with USAA, which was included with her Authenticated Statement of Claim. In relevant part, the 2009 agreement states:

> In lieu of payment of the hourly rate of Kristin Wilkinson for time expended and the Firm's payment of the receiver's fees and expenses, you agree to compensate The Wilkinson Law Firm, Kristin Wilkinson Attorney and Counselor at Law in consideration of the services rendered and to be rendered by the attorneys in prosecution and defense of the matters referenced above, and in consideration of the Firm's representation, you hereby set over and assign to and ***hereby create a lien*** in favor of The Wilkinson Law Firm, Kristin Wilkinson Attorney and Counselor at Law the following interest in said causes of action: 40 percent (.40) in said causes of action without regard to whether settlement is made before or after an appeal is filed or payment is made pursuant to judgment or other legal process.

(emphasis added). As this provision shows, the contractual lien was created with respect to Wilkinson's recovery of her contingency fee. And, as we discussed above, Wilkinson's recovery of her contingency fee cannot be pursued through an independent cause of action. *See Dow Chem. Co.*, 357 S.W.2d at 568-69; *see also GEICO Choice Ins. Co.*, 2019 WL 3819518, at *5; and *Raub*, 2017 WL 2570042, at *2. Moreover, the 2009 agreement is between Wilkinson and USAA — not Wilkinson and Williamson. Therefore, the 2009 agreement cannot support an independent claim against the Estate for the recovery of Wilkinson's contingency fee.

Wilkinson also asserts that she "perfected her claim and obtained a statutory turnover order that orders the nonexempt property of Warren Reid Williamson be turned over upon her demand." This argument presumably relies on the April 16, 2009 "Amended Order for Turnover Relief" included with Wilkinson's response to

16

Susman's summary judgment motion. This order was entered in the same proceeding that gave rise to the judgment from which Wilkinson seeks her contingency fee: *Madison v. Williamson*, case number 2002-55218 in the 215th judicial district court of Harris County.

A turnover order is a procedural device through which a judgment creditor may reach the assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002; *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991). Only the judgment debtor and judgment creditor are the appropriate parties to the turnover procedure. *See Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 782 (Tex. App.—Houston [14th Dist.] 1992, no writ).

In the *Madison v. Williamson* proceeding, M.M. (as the party for whom judgment was rendered) is the judgment creditor with respect to the turnover order. *See Tex. Mach. & Equip. Co. v. Gordon Knox Oil & Expl. Co.*, 442 S.W.2d 315, 317 (Tex. 1969) (noting the "general rule" that "processes under a judgment are issued in the name of the party in whose favor the judgment was rendered"). Wilkinson is not the judgment creditor with respect to the turnover order and cannot, independently of M.M., enforce the order against the Estate for a collection of her contingency fee. *See Beaumont Bank, N.A.*, 806 S.W.2d at 224; *Tex. Mach. & Equip. Co.*, 442 S.W.2d at 317; and *Republic Ins. Co.*, 825 S.W.2d at 782.

Therefore, the trial court did not err in granting Susman's summary judgment motion with respect to Wilkinson's contingency-fee claim and concluding (1) Wilkinson's claim to her fee is derivative of M.M.'s rights, (2) Wilkinson cannot bring a claim for her fee in her own right, and (3) M.M.'s claim is barred as a matter of law. We overrule Wilkinson's issue regarding the trial court's summary judgment with respect to her contingency-fee claim against

the Estate.

## IV. Wilkinson's Remaining Claims

The trial court also granted Susman's motion for summary judgment with respect to Wilkinson's four other claims: (1) for an increase in Susman's bond to protect Wilkinson's rights "as a creditor in this estate"; (2) to establish a lien on all Estate property withdrawn from the administration; (3) "for satisfaction of the claim and all damages related to the improper rejection of the claim" pursuant to Texas Estate Code sections 355.052 and 355.113; and (4) fraud. Unlike the claim analyzed above, the trial court's order granting Susman's summary judgment motion did not specify the grounds for its decision with respect to these additional claims. When the trial court's order does not specify the grounds relied upon for the summary judgment, the judgment will be affirmed if any of the theories advanced are meritorious. *Olmstead v. Napoli*, 383 S.W.3d 650, 652 (Tex. App.— Houston [14th Dist.] 2012, no pet.).

### A. Increase in Susman's Bond

In her original petition, Wilkinson pleaded a claim "to increase the amount of the bond sufficient to protect [Wilkinson's] rights as a creditor in this Estate". Susman argued in her summary judgment motion that there was "no legal basis" for this request because Wilkinson is not a "person interested in the Estate".

Under Texas Estates Code section 305.251, "[a]ny person interested in the estate may have the personal representative cited to appear and show cause why the representative should not be required to give a new bond". Tex. Est. Code Ann. § 305.251(b). With respect to an estate, an "interested person" is defined as "an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered". *Id*. at § 22.018(1).

18

Wilkinson's asserted interest in the Estate was predicated on her claim for her contingency fee stemming from the *Madison v. Williamson* judgment. As we concluded above, Wilkinson does not have an independent right to receive this fee from the Estate. Wilkinson did not raise any other interests that would qualify her to request a new bond under sections 305.251 and 22.018. Therefore, Wilkinson did not meet the "interested person" standard as necessary to seek a new bond. The trial court did not err by granting summary judgment on Wilkinson's claim for a bond increase. *See id*. at §§ 22.018(1), 305.251(b).

We overrule Wilkinson's issue regarding the trial court's summary judgment on this claim.

## B. Lien on Estate Property

Wilkinson's third claim sought to "establish a lien on all property of the Estate withdrawn from the administration". Seeking summary judgment on this claim, Susman argued that Wilkinson lacked standing to invoke Texas Estate Code section 354.051, which states:

> At any time after the return of the inventory, appraisement, and list of claims of an estate required by Chapter 309, anyone entitled to a portion of the estate, by a written complaint filed in the court in which the case is pending, may have the estate's executor or administrator cited to appear and render under oath an exhibit of the condition of the estate.

Tex. Est. Code Ann. § 354.051. On appeal, Wilkinson agrees that section 354.051 governs who may seek a lien on estate property. Wilkinson argues that she falls within the standard as a person "entitled to a portion of the estate".

But the only ground Wilkinson advances to justify her "entitle[ment]" to a portion of the Estate is her contingency fee stemming from the *Madison v. Williamson* judgment. We concluded above that Wilkinson does not have an

19

independent right to seek this fee from the Estate. Therefore, Wilkinson does not show that she is a person "entitled to a portion of the estate" as necessary to establish a lien pursuant to section 354.051. *See id*. The trial court therefore did not err by granting summary judgment on Wilkinson's claim for a lien.

We overrule Wilkinson's issue regarding the trial court's summary judgment on this claim.

### C.    Texas Estate Code Sections 355.052 and 355.113

Wilkinson's fourth claim seeks "satisfaction of the claim and all damages related to the improper rejection of the claim, pursuant to the Texas Estates Code Section 355.052 and 355.113". Susman argued in her summary judgment motion that these sections do not create an independent cause of action and are inapplicable to the underlying proceeding.

Texas Estates Code section 355.052 states:

The failure of a personal representative to timely allow or reject a claim under Section 355.051 constitutes a rejection of the claim. If the claim is established by suit after that rejection:

(1) the costs shall be taxed against the representative, individually; or

(2) the representative may be removed on the written complaint of any person interested in the claim after personal service of citation, hearing, and proof, as in other cases of removal.

Tex. Est. Code Ann. § 355.052. Wilkinson does not explain how this statute gives rise to a cause of action or its applicability to the facts in this dispute. There is no allegation that Susman failed to "timely allow or reject a claim" — rather, the summary judgment evidence shows that Susman timely rejected Wilkinson's contingency-fee claim against the Estate. *See* Tex. Est. Code Ann. § 355.051 (a personal representative must accept or reject a claim within 30 days after the date an authenticated claim against the estate is presented). Wilkinson's claim was

20

submitted on April 27, 2017 and timely rejected by Susman on May 25, 2017. Therefore, the trial court did not err by granting summary judgment on Wilkinson's claim under section 355.052.

Texas Estates Code section 355.113 provides that a "person or claimant . . . entitled to payment from an estate of money the court orders to be paid is authorized to have execution issued against the estate property for the amounts due, with interests and costs, if (1) the personal representative fails to pay the money on demand; (2) estate funds are available to make the payment; and (3) the person or claimant makes an affidavit of the demand for payment and the representative's failure to pay." Tex. Est. Code Ann. § 355.113(a). Accordingly, any cause of action arising under this section would rest on the claimant's "entitle[ment] to payment" from the estate. *See id*. Because Wilkinson cannot pursue an independent cause of action against the Estate for her contingency-fee claim, she cannot make this showing under section 355.113. The trial court did not err by granting summary judgment on Wilkinson's claim under section 355.113.

We overrule Wilkinson's issue regarding the trial court's summary judgment on this claim.

### D. Fraud

In her fifth and final claim, Wilkinson alleges:

[F]raud through the misapplication by dealing with property contrary to a law prescribing the custody or disposition of the property, specifically, by violating the turnover orders entered in Cause No. 2002-55218 and intentionally, knowingly, or recklessly misapplying property being held as a fiduciary in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held as prohibited by the Texas Penal Code, Section 32.45, excepting [Wilkinson's] damages from the statutory limits on recovery.

21

Challenging this claim in her summary judgment motion, Susman argued that fraud based on an alleged violation of the turnover order is without merit because Wilkinson had no independent right to sue upon the judgment in the 2002 case.

As discussed above, Wilkinson was not the judgment creditor in the *Madison v. Williamson* proceeding and therefore she could not independently enforce the order against the Estate. *See Beaumont Bank, N.A.*, 806 S.W.2d at 224; *Tex. Mach. & Equip. Co.*, 442 S.W.2d at 317; and *Republic Ins. Co.*, 825 S.W.2d at 782. For the same reason, a violation of the turnover order cannot be the foundation of Wilkinson's fraud claim against the Estate. Therefore, the trial court did not err by granting summary judgment on Wilkinson's fraud claim.

We overrule Wilkinson's issue regarding the trial court's summary judgment on this claim.

### E.      Exemplary Damages

In her final issue on appeal, Wilkinson complains that the trial court erred by granting summary judgment on her claim for exemplary damages.

The recovery of exemplary damages is predicated on the existence of an independent tort with accompanying actual damages. *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 284 (Tex. 1993) (per curiam); *Custom Transit, L.P. v. Flatrolled Steel, Inc.*, 375 S.W.3d 337, 367 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Because Wilkinson does not have an independent claim that could support the recovery of exemplary damages, we conclude the trial court did not err in rendering summary judgment. *See Fed. Express Corp.*, 846 S.W.2d at 284; *Custom Transit, L.P.*, 375 S.W.3d at 367.

We overrule Wilkinson's issue regarding exemplary damages.

## CONCLUSION

We affirm both (1) the trial court's October 29, 2018 order denying Wilkinson's summary judgment motion, and (2) its separate October 29, 2018 order granting Susman's summary judgment motion.

/s/    Meagan Hassan
Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.